QUESTION:
Should the premium on the bonds given to the director of the Department of Highway Safety and Motor Vehicles by the county tax collectors pursuant to s. 320.03(2), F.S., be paid by the Department of Highway Safety rather than by the county tax collectors?
SUMMARY:
The premium for performance bonds given to the Department of Highway Safety and Motor Vehicles by county tax collectors pursuant to s. 320.03(2), F.S., should be paid by the department. The tax collector, who acts as the agent of and under the direction and control of the department in the sale of motor vehicle license plates, is not acting as a county officer and the bond required to be posted protects only the department and not the county for other tax revenues received by the collector. Hence, by virtue of s. 113.07(4), F.S., which requires performance bond premiums to be paid by the state's General Revenue Fund or by the county, "depending on the class into which such officer belongs," the premium should continue to be paid by the department.
The question should in my opinion be answered in the affirmative. One of my predecessors in office ruled in AGO 041-697, December 13, 1941, Biennial Report of the Attorney General, 1941-1942, p. 95:
"Since the tax collector when he acts as tag agent is not acting as a county officer, but is acting as an agent of the Tag Department of the State of Florida, I am of the opinion that in view of the language of Chapter 20523, above quoted, that the premium on such bond should be paid under the above provision of Section 4 of said law out of the General Revenue Fund of the State."
This opinion was reaffirmed by AGO 042-124, March 11, 1942, Biennial Report of the Attorney General, 1941-1942, p. 95. The opinion noted that the tax collector in selling license tags operated as the agent of the then motor vehicle commissioner, that the tax collector was required to post a bond payable to the commissioner to secure the faithful performance of the collector's duties in selling the license plates, and that such bond protected only the motor vehicle commissioner and not the county or the state for other tax revenues received by the tax collector. It was therefore concluded that, since by statute bond premiums were payable out of the General Revenue Fund of the state, the county, or the district "depending on the class into which such officer belongs," the tax collector's bond given to the motor vehicle commissioner was payable from the state's General Revenue Fund.
While there have been numerous statutory enactments in the interim period since these two opinions were rendered which have affected the area of responsibility of the tax collectors and the area of responsibility formerly cognizable by the tag department and the motor vehicle commissioner, none of these enactments appear to have altered the basic rationale upon which the opinions were grounded. Indeed, the basic statutory framework mentioned in said opinions continues at present in virtually identical form.
The position of motor vehicle commissioner has been abolished, see s. 6, Ch. 65-190, Laws of Florida, and, pursuant to the Governmental Reorganization Act, Ch. 20, F.S., the duties and responsibilities formerly exercised by the commissioner are now reposed in the Department of Highway Safety and Motor Vehicles, see s. 20.24. This department is vested, pursuant to s.320.011(6), F.S., with the ultimate responsibility for the sale of motor vehicle license plates, including responsibility over the tax collectors in the latter's exercise of their statutory duty to sell license plates. This section requires that the department:
"Administer and enforce all provisions of law pertaining to the licensing . . . of motor vehicles as set forth in chapters 319, 320 and 330 and the rules and regulations promulgated thereunder."
Further, s. 320.03(1), F.S., requires all county tax collectors to deliver license plates to applicants under the rules and regulations promulgated by the department. Hence, the tax collectors continue to operate at present, just as they did at the time the earlier opinions were rendered, as the agents of and under the direction and control of the state instrumentality vested with the ultimate responsibility over the sale of license plates.
The bond requirement, now contained in s. 320.03(2), F.S., is identical to s. 1281, Permanent Supplement, Compiled General Laws, 1927, cited in AGO 042-124, supra, except that the Department of Highway Safety and Motor Vehicles has been substituted for the motor vehicle commissioner in the statutory language.
The statutory authority for the payment of premiums on fidelity or performance bonds for public officials, now found in s. 113.07(4), F.S., is likewise identical to s. 4, Ch. 20523, 1941, Laws of Florida, cited in both AGO 041-697 and AGO 042-124, supra.
Further, in reviewing the present legislative framework regarding the office of the tax collector, particularly in light of the recently enacted Chs. 73-172 and 73-173, Laws of Florida, I do not find any authority which would alter the conclusions reached in AGO's 041-697 and 042-124, supra. Hence, the legal foundation upon which AGO's 041-697 and 042-124 were based remains as fully persuasive today as at the time these opinions were rendered. Therefore, the premiums on the performance bonds required of tax collectors in the exercise of their duties in the sale of license plates should continue to be paid by the Department of Highway Safety and Motor Vehicles.